So ordered this 24th day of December, 2014

[signature]
Tom R. Cornish
U.S. Bankr. Judge.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | ) |
| RAYMOND WILLIAM MADSEN AND NILA DAWN MADSEN, | ) Bankruptcy Case No. 13-80001 |
| Debtors. | ) Chapter 7 |
| STEVE S. CHRISTENSEN AND STEVE S. CHRISTENSEN, P.C., | ) Adversary Proc. No. 13-02310 |
| Plaintiffs, | ) Judge Tom R. Cornish |
| v. | ) |
| RAYMOND MADSEN, | ) |
| Defendant. | ) |

**ORDER**

This matter concerns the proper place to commence an adversary proceeding seeking to declare a debt nondischargeable. The main bankruptcy case of Defendant Raymond Madsen was filed in the Western District of Washington, but Creditors Steve Christensen and Steve Christensen, P.C. filed their adversary proceeding in the District of Utah. This Court originally determined that the adversary proceeding should be dismissed as it considered various jurisdictional and venue statutes and rules. That decision was appealed to the Tenth Circuit Bankruptcy Appellate Panel (the

"BAP"), which reversed and remanded the matter. Accordingly, the matter before the Court in this decision is the remand. In its remand order, the BAP directed this Court to determine (1) whether the District of Utah has personal jurisdiction over the Defendant, and (2) whether venue is proper in this District.[1]

The Court conducted an evidentiary hearing on October 21, 2014 to consider the remand. Craig Pankratz appeared on behalf of Steve Christensen and Steve S. Christensen, P.C. ("Plaintiffs"), and Jory Trease appeared on behalf of Raymond Madsen ("Defendant"). Based on the submissions of the parties, oral argument, and the guidance from the BAP, the Court issues this Order.

I.  BACKGROUND

In August 2002, Linda Beck, at that time the wife of Defendant, engaged the legal services of Plaintiffs to represent her in divorce proceedings in Utah. Prior to the divorce and during the divorce proceedings, Defendant lived in Utah. The Utah divorce court entered a divorce decree in 2004, and Plaintiffs successfully assisted Ms. Beck in appealing portions of it. Ms. Beck was awarded as much as $696,251.28 from Defendant.

During the divorce proceedings, Ms. Beck incurred $45,199.75 in unpaid legal fees, and an additional $9,765.09 in unpaid legal fees for Mr. Christensen's representation related to the trust and conservatorship of her father. The majority of the services rendered to Ms. Beck were performed in Utah. In an attempt to collect the unpaid legal fees, Plaintiffs' recorded an attorney's lien in the Salt Lake County Recorder's Office and later, in September 2007, with the Utah Fourth District Court. The lien was to attach to all money or property Ms. Beck was to receive from Defendant.

---

[1]*Christensen v. Madsen (In re Madsen)*, 517 B.R. 385 (B.A.P. 10th Cir. 2014)(unpublished).

2

Plaintiffs gave notice of the lien to Ms. Beck and to Defendant. Shortly thereafter, Defendant, while still residing in Utah, allegedly conspired with Ms. Beck to deprive Plaintiffs of the fees owed.

In 2010, Defendant moved to the state of Washington. In February 2012, Plaintiffs filed suit in Utah state court for damages against Defendant. After more than a year of defending the action in state court, Defendant filed for Chapter 7 relief in the Western District of Washington. The bankruptcy case stayed the state court proceeding. Plaintiffs filed this adversary proceeding in August 2013 here in the District of Utah, alleging that Defendant and Ms. Beck conspired to avoid paying the attorney's fees owed. Although Plaintiffs do not cite a Bankruptcy Code provision in their complaint, they request that any liability of Defendant be determined to be nondischargeable. While this proceeding was pending in this Court, the 60-day deadline for filing a non-dischargeability action passed in the underlying bankruptcy case, and the Bankruptcy Court for the Western District of Washington granted Defendant a discharge. This proceeding has been allowed to continue as it was filed prior to the granting of the general discharge.

## II. JURISDICTION

The first issue the BAP asks this Court to address is whether the exercise of personal jurisdiction over Defendant comports with due process, in light of the Tenth Circuit Court of Appeal's decision in *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). *Peay* holds that where jurisdiction is based on nationwide service of process (such as Fed. R. Bankr. P. 7004) due process requires that the plaintiff's choice of forum be fair and reasonable and not unduly inconvenient to the defendant.

Defendant did not challenge personal jurisdiction via service of process under Rule 7004. Indeed, Rule 7004(e) authorizes service of process on Defendant anywhere in the United States.

But, the Court must determine whether exercising personal jurisdiction comports with due process.[2] It is Defendant's burden to show that "the exercise of jurisdiction in the chosen forum will 'make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent.'"[3] This burden is great, as "only the highly unusual case will show inconvenience rising to a level of constitutional concern."[4] The Tenth Circuit noted in *Peay* that a court should consider seven factors in determining whether a defendant has met his burden in showing that the forum is constitutionally inconvenient.[5]

Defendant argues that because he had no contractual relationship with Plaintiffs, because he resided outside the state of Utah for approximately four years prior to filing for Chapter 7 relief, and based on his current income and expenses, the inconvenience to him would rise to a constitutionally impermissible level if this Court exercised personal jurisdiction. However, this Court does not agree. Considering the factors in *Peay*, Defendant's actions were directed at residents of Utah, and some occurred in Utah. Defendant has access to counsel in Utah, and Utah is relatively close in proximity to his home state of Washington. Although litigating in Utah may

---

[2] *See Peay*, 205 F.3d at 1209.

[3] *Id.* at 1212 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

[4] *Travelers Casualty & Surety Co. v. Desselle (In re Fries)*, 378 B.R. 304, 310–311 (Bankr. D. Kan. 2007).

[5] These factors are: "(1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business." *Peay*, 205 F.3d at 1212 (citing *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F. Supp. 191, 203 (E.D. Pa. 1974).

be a greater financial burden on Defendant than litigating in Washington, this factor alone is insufficient to deprive him of due process. As explained in *Peay*, "[i]n this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened."[6] Any inconvenience caused by litigating in Utah does not rise to a level that would deprive him of due process. Accordingly, the Court concludes that Defendant did not meet his burden, and holds that this Court has personal jurisdiction over him.

## III. VENUE

The BAP's second charge to this Court is to determine whether venue lies in the District of Utah, citing 28 U.S.C. § 1409(a), which governs Christensen's cause of action under § 523(a) as one that arises under Title 11.[7] Section 1409(a) provides: "Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[8] This language is clear that venue is proper in the district in which the debtor's bankruptcy case is filed, which the BAP refers to as the "home court."[9] The question on remand is whether this case should remain in Utah or be transferred to the home court.

---

[6] *Peay*, 205 F.3d at 1213 (citations and quotations omitted).

[7] *Christensen v. Madsen (In re Madsen)*, 517 B.R. 385, at *5-6 (B.A.P. 10th Cir. 2014)(unpublished).

[8] The remaining subsections of § 1409 do not apply to this case. They apply to cases filed by trustees, and cases that arise after the filing of a bankruptcy petition.

[9] *See Shaver v. Orthodontic Ctrs. of Colo., Inc.*, 2007 WL 38665, at *2 (D. Colo. Jan. 4, 2007); *see also In re James*, 2012 WL 5467542, at *3 (D. Colo. Nov. 9, 2012).

Plaintiffs argue that the use of the word "may" in 28 U.S.C. § 1409(a) indicates that the statute's application is permissive, not mandatory.[10] Thus, venue under § 1409(a) could be appropriate in the district court where a case under title 11 is pending, but it could also be appropriate where nonbankruptcy venue provisions permit a proceeding to be commenced. Specifically, Plaintiffs argue that the proceeding is properly before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events . . . giving rise to the claim occurred" in Utah. Plaintiffs also contend that Rule 5005(a), which is the general bankruptcy rule implementing the venue statutes, cannot be read to determine venue because Rule 9030 prohibits any bankruptcy rule from extending or limiting venue. Thus, Plaintiffs claim that venue is appropriate in the District of Utah. Should this Court conclude otherwise, Plaintiffs implore that the case be transferred to the home court and avoid dismissal, since the time limitations for filing pursuant to Fed. R. Bankr. P. 4007(c) would bar Plaintiffs from refiling in the home court.

A decision regarding transfer of venue is discretionary with the court, and should be made on a case-by-case basis.[11] As noted by the BAP, there is a presumption in favor of trying cases in the home court. Section 1391 of title 28 governs general venue, but § 1409 is specific to bankruptcy proceedings. This suggests that § 1409 controls in this situation, rather than § 1391. The BAP also noted that Fed. R. Bankr. P. 5005(a)(1) has been interpreted by some courts to require that all filings in a case, including a complaint, should be made in the home court.[12] This language seems clear:

---

[10] Plaintiffs cite to seven district court cases outside of the Tenth Circuit to support their argument. These cases are not binding on the Court and in many cases are distinguishable. To the extent that these cases are analogous, the Court does not find their reasoning persuasive.

[11] *See In re James*, 2012 WL 5467542, at *2 (citations omitted).

[12] Fed. R. Bankr. P. 5005(a)(1), provides that "complaints . . . and other papers required to be filed by these rules, except as provided in 28 U.S.C. § 1409, *shall be filed* with the clerk *in the district where the case under the Code is pending*." (emphasis added).

6

a complaint initiating an adversary proceeding must be filed where the bankruptcy case is pending unless an exception under § 1409 applies. Although this Court notes that there are some factors that weigh in favor of finding that venue may be proper in Utah, there is no doubt from the language of § 1409(a), as well as Rule 5005(a)(1), that venue is proper in the home court of the Western District of Washington. Indeed, as the BAP observed, "Transfer of this proceeding back to the home court may be the most expeditious alternative available."[13] This Court agrees.

Accordingly, it is hereby ordered:

1. The above-captioned Adversary Proceeding is transferred to the Bankruptcy Court for the Western District of Washington.

---------------------------------------END OF DOCUMENT---------------------------------------

---

[13] *Christensen v. Madsen (In re Madsen)*, 517 B.R. 385, at *6 (B.A.P. 10th Cir. 2014)(unpublished), citing this Court's authority to transfer venue, pursuant to 28 U.S.C. § 1412.

## SERVICE LIST

Service of the foregoing **ORDER** will be effected through the Bankruptcy Noticing Center to each party listed below.

Craig L. Pankratz
Christensen Corbett & Pankratz, PLLC
136 East South Temple, Suite 1400
Salt Lake City, UT 84111-3156
*Attorney for Plaintiffs*

Jory L. Trease
Jory L. Trease, Esq., Inc.
254 West 400 South, Suite 303
Salt Lake City, UT 84101
*Attorney for Defendant*